IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, </br></br> Plaintiff, </br></br> v. </br></br> JOSEPH SCHMITT and S.D., </br></br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Safeco Insurance Company of America ("Safeco"), by and through its attorney of record, seeks declaratory relief pursuant to 28 U.S.C. § 2201 with respect to insurance coverage under a homeowners insurance policy issued by Safeco to defendant police officer Joseph Schmitt for a claim of personal injury asserted by defendant S.D., who alleges that he was shot by Schmitt, and further states and alleges:

**PARTIES**

1. Plaintiff Safeco is an insurance company incorporated and existing under the laws of the state of New Hampshire, with its principal place of business located in Boston, Massachusetts. Safeco is, accordingly, a citizen of New Hampshire and Massachusetts.

2. Defendant Joseph Schmitt is an individual citizen and resident of the State of Missouri.

3. Defendant S.D. is an individual citizen and resident of the State of Missouri.

4. Defendant S.D. is an adult male who has filed a civil action against Defendant Schmitt and been given leave by the Circuit Court for the City of St. Louis, Missouri, to proceed pseudonymously in that action. Accordingly, Safeco has named him only by his initials herein.

## JURISDICTION AND VENUE

5. Jurisdiction is proper pursuant to 28 U.S.C. § 1332, because this dispute is between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events giving rise to this dispute occurred in this District.

7. This is an action for a Declaratory Judgment pursuant to 28 U.S.C. § 2201.

## FACTUAL ALLEGATIONS

8. S.D. filed a civil action for bodily injuries against Schmitt, the City of St. Louis, and others, in the Circuit Court for the City of St. Louis, Missouri, Case No. 1922-00877 (under seal) (hereafter, the "Underlying Action").

9. S.D. contends that, on April 27, 2018, he was in his van in the parking lot outside of Bomber O'Brien's Sports Bar & Grill, a St. Louis restaurant and bar. Amended Petition, **Exhibit 1**, ¶ 9.

10. Upon information and belief, S.D. testified to a grand jury on December 11, 2018 that he had met his drug dealer in the Bomber O'Brien's parking lot and then smoked marijuana in the van.

11. On April 27, 2018, possession of marijuana was a crime.

12. At some time after 1:00 a.m., two City of St. Louis police officers, Schmitt and William Olsten, pulled S.D. from the van or asked him to exit the van.

13. Upon information and belief, Schmitt and Olsten were attempting to arrest S.D.

14. Upon information and belief, S.D. knew Schmitt socially, had interacted with him on prior occasions, and knew him to be a police officer.

15. When S.D. exited his vehicle, he had a firearm in his hand.

16. Upon information and belief, S.D. brandished his gun at the officers while telling the officers that he had a gun and he intended to leave.

17. Olsten forced S.D. to the ground.

18. S.D.'s gun discharged two bullets into Olsten, wounding him.

19. S.D. then ran from the scene, his gun in his hand.

20. Schmitt allegedly shot S.D. multiple times as S.D. ran away.

21. Schmitt used a gun issued to him by the City of St. Louis police department in the shooting.

22. S.D. alleges in the Underlying Action that, at the time of the shooting, Schmitt was an agent, employee, or servant of the City of St. Louis. Amended Petition, **Exhibit 1**, ¶ 39.

23. S.D. alleges in the Underlying Action that "Defendant City of St. Louis provided workers compensation benefits to Defendant Schmitt following above alleged acts on April 27, 2018, and therefore has accepted as a matter of law that Defendant

Schmitt was working within the scope and course of his employment with Defendant City of St. Louis." Amended Petition, **Exhibit 1**, ¶ 40.

24. Upon information and belief, Schmitt admitted, in filing his claim for workers' compensation, that he was acting within the course and scope of his employment at the time of the incident.

25. Count III of S.D.'s Amended Petition asserts a claim against Schmitt for battery. Amended Petition, **Exhibit 1**, pp. 7-8.

26. S.D. alleges in the Underlying Action that he was "assaulted, battered, and shot." Amended Petition, **Exhibit 1**, ¶ 21.

27. S.D. alleges in the Underlying Action that "Defendant Schmitt intentionally shot Plaintiff S.D." Amended Petition, **Exhibit 1**, ¶ 20.

28. Upon information and belief, S.D.'s girlfriend worked at Bomber O'Brien's Sports Bar & Grill, the parking lot of which was the site of the above-described events.

29. Upon information and belief, Schmitt was a regular customer of Bomber O'Brien's Sports Bar & Grill.

30. Upon information and belief, S.D.'s girlfriend's father testified to a grand jury on December 6, 2018, that Schmitt had pursued S.D.'s girlfriend romantically.

31. Upon information and belief, S.D.'s girlfriend's father testified to a grand jury on December 6, 2018, that Schmitt had repeatedly asked S.D.'s girlfriend to leave S.D. and to date Schmitt instead.

32. S.D. alleges in the Underlying Action that Schmitt shot him after drinking at Bomber O'Brien's. Amended Petition, **Exhibit 1**, ¶ 24(c).

33. S.D. alleges in the Underlying Action that Schmitt "knew or should have known that consuming alcohol while in possession of a firearm, creates an unreasonable risk of injury" to persons, including S.D. Amended Petition, **Exhibit 1**, ¶ 24(a).

34. On or about March 29, 2019, Schmitt and Olsten were criminally indicted in connection with the incident. A grand jury returned charges against Schmitt for assault, armed criminal action, and "unlawful use of a weapon exhibiting."

35. On or about January 9, 2020, the criminal charges against Schmitt were dismissed by a City of St. Louis circuit judge.

## THE SAFECO POLICY

36. Safeco issued a homeowners insurance policy to Joseph Schmitt in St. Louis, Missouri, policy number OZ4688656, with a policy period of 3/2/2017 to 3/2/2018 and a limit of liability for personal liability of $300,000 per occurrence (hereinafter, the "Policy"). *See* **Exhibit 2**.

37. The Policy's insuring agreement provides liability coverage for the insured "If a claim is made or a suit is brought against any insured for damages because of ***bodily injury*** or ***property damage*** caused by an ***occurrence*** to which this coverage applies." Section II – Liability Coverages, Coverage E – Personal Liability, p. 14, **Exhibit 2**.

38. The Policy defines "occurrence" to mean "an accident . . . which results in: (1) ***bodily injury***." Policy Definitions, at p. 25, **Exhibit 2**.

39. The Policy excludes from coverage any bodily injury:

> [W]hich is expected or intended by any *insured* or which is the foreseeable result of an act or omission intended by any *insured*;
>
> This exclusion applies even if:
>
> (1) such **bodily injury** or **property damage** is of a different kind or degree than expected or intended; or
>
> (2) such **bodily injury** or **property damage** is sustained by a different person, or persons, than expected or intended.

Section II – Liability Coverages, Liability Losses We Do Not Cover, ¶ 1.a, at p. 14, **Exhibit 2**.

40. The Policy excludes from coverage any bodily injury "which results from violation of criminal law committed by, or with the knowledge or consent of any *insured*. This exclusion applies whether or not any *insured* is charged or convicted of a violation of criminal law." Section II – Liability Coverages, Liability Losses We Do Not Cover, ¶ 1.b, at p. 15, **Exhibit 2**.

41. The Policy excludes from coverage any bodily injury:

> **c.** arising out of **business** pursuits of any **insured.**
>
> This exclusion does not apply to:
>
> **(1)** activities which are ordinarily incident to non-**business** pursuits;
>
> **(2)** the occasional or part-time **business** pursuits of any **insured** who is under 23 years of age;

6

> **(3)** the rental or holding for rental of an **insured location**:
>
>> **(a)** on an occasional basis for the exclusive use as a residence;
>>
>> **(b)** in part, unless intended for use as a residence by more than two roomers or boarders; or
>>
>> **(c)** in part, as an office, school, studio or private garage;

Section II – Liability Coverages, Liability Losses We Do Not Cover, ¶ 1.c, at p. 14, **Exhibit 2**.

42. The Policy defines "business" to mean "a trade, profession or occupation engaged in on a full-time, part-time or occasional basis, or any other activity, including civic or public, engaged in for money or other compensation." Policy Definitions, at p. 24, **Exhibit 2**.

43. The Policy excludes from coverage any bodily injury "arising out of the rendering or failing to render professional services." Section II – Liability Coverages, Liability Losses We Do Not Cover, ¶ 1.d, at p. 15, **Exhibit 2**.

44. The Policy excludes from coverage any bodily injury "arising out of physical or mental abuse, sexual molestation or sexual harassment." Section II – Liability Coverages, Liability Losses We Do Not Cover, ¶ 1.k, at p. 17, **Exhibit 2**.

**COUNT I – DECLARATION THAT THE POLICY AFFORDS NO COVERAGE FOR THE CLAIMS BECAUSE CLAIMANT'S INJURIES WERE NOT CAUSED BY AN "OCCURRENCE".**

45. Safeco realleges and incorporates paragraphs 1-44.

46. The Policy affords liability insurance coverage for "bodily injury" that is "caused by an occurrence."

47. "Occurrence" means "an accident" under the policies.

48. S.D.'s alleged injuries and damages do not arise out of an accident.

49. The conduct of Schmitt was not "accidental" in nature.

50. Accordingly, the claim of S.D. is not within the Policy's insuring agreement, as S.D.'s alleged injuries were not caused by an occurrence.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff Safeco Insurance Company of America requests that the Court enter its judgment declaring that the Policy provides no liability coverage for the claims of S.D., because the claimant's alleged injuries were not caused by an occurrence as defined by the Policy at issue.

**COUNT II – DECLARATION THAT THE POLICY EXCLUDES COVERAGE UNDER THE "EXPECTED OR INTENDED" INJURY EXCLUSION.**

51. Safeco realleges and incorporates paragraphs 1-44.

52. Additionally or alternatively to Count I, the Policy does not provide coverage for the claims made by S.D. by virtue of the application of the Policy's expected or intended injury exclusion.

53. The Policy excludes coverage for bodily injury that is "expected or intended" by the insured, or which is the "foreseeable result" of an act or omission that is intended by the insured, even if the bodily injury is of a different degree or kind than expected or intended and even if the bodily injury is sustained by a different person than expected or intended.

54. S.D.'s injuries were intended or expected by Schmitt.

55. S.D.'s Amended Petition alleges a claim against Schmitt for battery, which is an intentional tort.  Amended Petition, **Exhibit 1**, pp. 7-8.

56. S.D. alleges that Schmitt "intentionally shot" him.  Amended Petition, **Exhibit 1**, ¶ 20.

57. S.D.'s alleged injuries are the natural and probable result of acts or omissions intended by Schmitt.

58. Additionally or alternatively, Schmitt realized or should have realized that there was a strong probability that injury to S.D. would be a consequence of his deliberate acts.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff Safeco Insurance Company of America requests that the Court enter its judgment declaring that the Policy provides no liability coverage for the claims of S.D., by virtue of the Policy's expected or intended injury exclusion.

**COUNT III – DECLARATION THAT THE POLICY EXCLUDES COVERAGE UNDER THE BUSINESS PURSUITS EXCLUSION.**

59. Safeco realleges and incorporates paragraphs 1-44.

60. Additionally or alternatively to Counts I and II, the Policy does not provide coverage for the claims made by S.D. by virtue of the application of the Policy's business pursuits exclusion.

61. The Policy excludes coverage for bodily injury "arising out of business pursuits of any insured."

62. Schmitt's activities as a law enforcement officer qualify as a "business pursuit" as defined by the Policy.

63. S.D. alleges, in the Underlying Action, that Schmitt was acting within the course and scope of his employment by the City of St. Louis as a police officer at the time of the events giving rise to S.D.'s claims.

64. S.D. alleges, in the Underlying Action, that the City of St. Louis paid workers' compensation benefits to Schmitt in connection with the events giving rise to S.D.'s claims.

65. S.D. alleges, in the Underlying Action, that the City of St. Louis has admitted that Schmitt was acting within the course and scope of his employment.

66. Additionally or alternatively, under Missouri law, "a police officer is never off duty." *Spieler v. Village of Bel-Nor*, 62 S.W.3d 457, 459 (Mo. App. E.D. 2001); *Leach v. Bd. of Police Comm'rs of Kan. City*, 118 S.W.3d 646, 651 (Mo. App. W.D. 2003); *Hockensmith v. Brown*, 929 S.W.2d 840, 846 (Mo. App. W.D. 1996).

67. Upon information and belief, the shooting followed Schmitt's observance of S.D. engaged in criminal activity within his vehicle.

68. Upon information and belief, Schmitt's shooting of S.D. followed S.D.'s brandishing of a handgun and verbal threats directed to police officers Schmitt and Olsten.

69. Upon information and belief, Schmitt's shooting of S.D. followed S.D.'s shooting of police officer Olsten.

70. Upon information and belief, Schmitt shot S.D. as S.D. fled the scene of the shooting of Olsten.

71. Upon information and belief, Schmitt shot S.D. as S.D. ran down a public street brandishing a gun.

72. Upon information and belief, S.D.'s alleged bodily injuries arise out of law enforcement activities.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff Safeco Insurance Company of America requests that the Court enter its judgment declaring that the Policy provides no liability coverage for the claims of S.D., by virtue of the Policy's business pursuits exclusion.

**COUNT IV – DECLARATION THAT THE POLICY EXCLUDES COVERAGE UNDER THE PROFESSIONAL SERVICES EXCLUSION.**

73. Safeco realleges and incorporates paragraphs 1-44.

74. Additionally or alternatively to Counts I-III, the Policy does not provide coverage for the claims made by S.D. by virtue of the application of the Policy's professional services exclusion.

75. The Policy excludes coverage for bodily injury "arising out of the rendering or failing to render professional services."

76. Schmitt's law enforcement activities are professional services, because they require specialized training, qualifications, and equipment.

77. S.D.'s alleged injuries arise out of Schmitt's rendering of professional services in the form of law enforcement.

78. Additionally or alternatively, upon information and belief, S.D.'s alleged injuries arise out of Schmitt's failure to render professional services in the form of first aid following S.D.'s shooting.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff Safeco Insurance Company of America requests that the

Court enter its judgment declaring that the Policy provides no liability coverage for the claims of S.D., by virtue of the Policy's professional services exclusion.

### COUNT V – DECLARATION THAT THE POLICY EXCLUDES COVERAGE UNDER THE VIOLATION OF CRIMINAL LAW EXCLUSION.

79. Safeco realleges and incorporates paragraphs 1-44.

80. Additionally or alternatively to Counts I-IV, the Policy does not provide coverage for the claims made by S.D. by virtue of the application of the Policy's violation of criminal law exclusion.

81. The Policy excludes coverage for bodily injury "which results from violation of criminal law committed by, or with the knowledge or consent of any insured."

82. S.D. alleges injuries resulting from violations of criminal law by Schmitt.

83. Schmitt was charged with crimes in connection with events that give rise to S.D.'s claims.

84. If, as S.D. alleges, Schmitt intentionally shot S.D. eight times without justification or excuse, the alleged conduct would constitute a violation of criminal law whether or not Schmitt was charged or convicted of the same.

85. The Policy's violation of criminal law exclusion applies "whether or not any insured is charged or convicted of a violation of criminal law."

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff Safeco Insurance Company of America requests that the Court enter its judgment declaring that the Policy provides no liability coverage for the claims of S.D., by virtue of the Policy's violation of criminal law exclusion.

### COUNT VI – DECLARATION THAT THE POLICY EXCLUDES COVERAGE UNDER THE PHYSICAL OR MENTAL ABUSE EXCLUSION.

86. Safeco realleges and incorporates paragraphs 1-44.

87. Additionally or alternatively to Counts I-V, the Policy does not provide coverage for the claims made by S.D. by virtue of the application of the Policy's physical or mental abuse exclusion.

88. The Policy excludes coverage for bodily injury "arising out of physical or mental abuse."

89. S.D. alleges that Schmitt intentionally shot him eight times.

90. The alleged damages of S.D. arise out of actual physical violence against him, which constitute physical and/or mental abuse.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff Safeco Insurance Company of America requests that the Court enter its judgment declaring that the Policy provides no liability coverage for the claims of S.D., by virtue of the Policy's physical or mental abuse exclusion.

BAKER STERCHI COWDEN & RICE, L.L.C.

/s/  Angela M. Higgins
Angela M. Higgins         52159MO
2400 Pershing Road, Suite 500
Kansas City, MO  64108
Telephone: (816) 471-2121
Facsimile: (816) 472-0288
higgins@bscr-law.com
ATTORNEY FOR PLAINTIFF
SAFECO INSURANCE COMPANY OF AMERICA