**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI**

| | |
|---|---|
| S.D., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| GLIDE INVESTMENTS LLC, d/b/a ) | |
| BOMBER O'BRIEN'S ) | |
| ) | |
| and ) | Division 1 |
| ) | |
| JOSEPH SCHMITT, ) | Cause No.: 1922-00877 |
| ) | |
| and ) | |
| ) | |
| WILLIAM OLSTEN, ) | |
| ) | |
| and ) | |
| ) | |
| CITY OF ST. LOUIS ) | |
| ) | |
| Serve:    Lyda Krewson ) | In Excess of $25,000.00 |
|                1200 Market St. ) | JURY TRIAL DEMANDED |
|                City Hall, Room 200 ) | |
|                St. Louis, MO 63103 ) | |
| ) | |
|     Defendants. ) | |

**FIRST AMENDED PETITION FOR DAMAGES**

COMES NOW Plaintiff, S.D., pursuant § 537.080, by and through his undersigned counsel, Mandel, Mandel, Marsh, Sudekum, & Sanger, LLP, and for his Petition against Defendants, states the following:

1. At all times referred to herein, Plaintiff S.D. was a resident of the City of St. Louis, State of Missouri.

2. Defendant, Glide Investments LLC, d/b/a Bomber O'Brien's (hereinafter, "Bomber O'Brien's"), is a Missouri limited liability corporation, with its principal place of

**EXHIBIT 1**

business in Missouri, and licensed to conduct its business in the State of Missouri, City of St. Louis.

3. At all times referred to herein, Defendant, Joseph Schmitt (hereinafter "Schmitt"), was a resident of the City of St. Louis, State of Missouri.

4. At all times referred to herein, Defendant, William Olsten (hereinafter "Olsten"), was a resident of the City of St. Louis, State of Missouri.

5. Defendant, City of St. Louis, is duly organized and existing pursuant to the laws of the State of Missouri as a Constitutional Charter City.

6. At all times referred to herein, Defendant Schmitt and Defendant Olsten were employees and/or agents of the Defendant City of St. Louis and were engaging in activities in the course of their employment and/or in furtherance of the business of the City of St. Louis, working as police officers for the St. Louis Metropolitan Police Department.

7. Venue is proper in St. Louis City as the incident at issue in this matter occurred in St. Louis City, where Plaintiff was harmed.

8. On April 27, 2018, Defendant Bomber O'Brien's, by and through its agents, servants and employees, owned and operated a restaurant and bar located at 4621 Beck Avenue, St. Louis Missouri, 63116 (hereinafter "Premises").

9. On or about April 27, 2018, Plaintiff, an invitee of Defendant Bomber O'Brien's, was lawfully on the Premises, specifically the parking lot outside the restaurant, when he was assaulted, battered, and shot multiple times with a firearm by co-defendants Schmitt and Olsten, who had been in the Premises and were known to Defendant Bomber O'Brien's, its agents, servants, and/or employees, leading to Plaintiff's injuries (hereinafter "Occurrence").

10. On or about April 27, 2018 Defendant Bomber O'Brien's agents, servants, and/or employees, owed a duty to Plaintiff in that prior to his assault and shooting by the co-defendants, Defendant Bomber O'Brien's, by and through its agents, servants, and/or employees, knew, or should have known, the dangerous propensities of the co-defendants who had been customers on several prior occasions and/or who acted in such a manner before the Occurrence to indicate a danger to invitees, including Plaintiff, and Defendant Bomber O'Brien's had sufficient time and notice to prevent the shooting by: preventing the co-defendants from entering the Premises; preventing the co-defendants from occupying the premises while intoxicated and possessing firearms; calling the police; and/or asking the third party assailant to leave the Premises, but failed to do so.

### **COUNT I- NEGLIGENCE AGAINST BOMBER O'BRIEN'S**

Comes now Plaintiff, by and through his undersigned attorneys and for Count I of his Petition against Defendant Glide Investments LLC d/b/a Bomber O'Brien's, states as follows:

11. Plaintiff restates the allegations contained in paragraphs 1-8 as if stated forth fully herein.
12. Defendant was negligent by reason of one or more of the following acts or omissions, each of which directly caused or directly contributed to cause the assault and shooting of Plaintiff S.D.:
    a. Defendant did not provide reasonable security for the Premises, including screening and preventing customers, known to cause problems and demonstrate dangerous propensities from entering the Premises;
    b. Defendant provided alcoholic beverages to the co-defendants to the point of intoxication and/or served them when they were visibly intoxicated;

3

    c. Defendant failed to properly hire, train, and/or supervise its employees, who were responsible for monitoring, patrolling or providing security for the Premises for the safety of its customers;

    d. Defendant allowed the co-defendants to enter and remain at the Premises when it knew, or using ordinary care could have known, of their dangerous propensities;

    e. Defendant did not timely remove the co-defendants or call the police, after the co-defendants, acted in such a way as to indicate danger to other customers, including Plaintiff S.D., when it had sufficient time to do so;

    f. Defendant knew or should have known that co-defendants carried firearms on the premises and negligently served them alcohol; or

    g. Defendant did not timely warn Plaintiff of the dangerous propensities of the co-defendants in sufficient time to allow Plaintiff to safely leave the Premises before the Occurrence.

13. As a direct and proximate result of the negligence of Defendant Bomber O'Brien's, as described herein, Plaintiff was assaulted, battered, and shot on the Premises, and sustained serious life-threatening and quality of life altering injuries including but not limited to eight bullet wounds in his arms and legs, a broken leg, broken wrist, and damage to the associated nerves, ligaments, muscles, and tendons thereof.  He has incurred reasonable medical expenses and will incur future medical expenses related to this injury.  Plaintiff has suffered non-economic damages as a result of his permanent condition and ongoing limitations, restrictions, swelling, soreness and pain and suffering. Plaintiff's injuries are severe, permanent, and progressive.  Plaintiff has suffered a loss of

income and a loss of ability to work in the future. He will endure future pain and suffering and probable expense.

WHEREFORE, Plaintiff S.D. prays for damages against Defendant Bomber O'Brien's and other defendants, jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for his costs and for any other relief this Court deems just and proper.

### COUNT II- RSMO 537.053.2 AGAINST DEFENDANT BOMBER O'BRIEN'S

Comes now Plaintiff, in the alternative to Count I, and for Count II of his Petition against Defendant Glide Investments LLC d/b/a Bomber O'Brien's, states as follows:

14. Plaintiff restates the allegations contained in paragraphs 1-11 as if stated forth fully herein.

15. Pursuant to Mo. Rev. Stat. § 537.053.2, Defendant Bomber O'Brien's owed a duty to Plaintiff to not knowingly serve intoxicating liquor and/or alcohol beverages to a visibly intoxicated person by the drink for consumption on its Premises.

16. Defendant Bomber O'Brien's breached its aforesaid duty and was thereby negligent in operating the Premises, as follows:

    a. Defendant Bomber O'Brien's by and through its agents, servants and employees, knowingly served intoxicating liquor and/or alcoholic beverages by the drink for consumption on its premises to the co-defendants when, during and/or after the co-defendants were and/or would be considered a visibly intoxicated person as that term is defined under Mo. Rev. Stat. §537.053.3(2);

    b. Defendant Bomber O'Brien's, its agents, servants, and employees knowingly served intoxicated liquor and/or alcohol beverages to the co-defendants when they were visibly intoxicated and were inebriated and/or visibly intoxicated to such an

5

    extent that their impairment was shown by significantly uncoordinated physical action and/or significant physical dysfunction and/or significant mental and/or cognitive dysfunction and/or deficits including, but not limited to, impaired memory, impaired perception, impaired comprehension, an unsteady gait, slurred speech, and blurry eyes;

    c. Defendant Bomber O'Brien's, its agents, servants, and employees knew the co-defendants were intoxicated and were not timely removed from the Premises;

    d. Defendant Bomber O'Brien's was reckless and negligent in its supervision and monitoring of the co-defendants and its Premises;

    e. Defendant Bomber O'Brien's was reckless and negligent in its hiring, supervision, retention, and training of employees, agents, and/or servants.

    f. Defendant Bomber O'Brien's, its agents, servants, and employees knew or should have known that the co-defendants were intoxicated and possessed firearms and were not timely removed from the Premises;

17. The conduct of Defendant Bomber O'Brien's was in violation of the training, education, and statutory requirements that Defendant Bomber O'Brien's must satisfy in order to obtain and maintain a liquor license under the rules and regulations of the Missouri Department of Health, Missouri Alcohol Control, and Missouri regulations generally.

18. As a direct and proximate result of the negligence of Defendant Bomber O'Brien's, as described herein, Plaintiff was assaulted, battered, and shot on the Premises, and sustained serious life-threatening and quality of life altering injuries including but not limited to eight bullet wounds in his body, arms, and legs, a broken leg, broken wrist, and damage to the associated nerves, ligaments, muscles, and tendons thereof. He has

incurred reasonable medical expenses and will incur future medical expenses related to this injury.  Plaintiff has suffered non-economic damages as a result of his permanent condition and ongoing limitations, restrictions, swelling, soreness and pain and suffering.  Plaintiff's injuries are severe, permanent, and progressive.  Plaintiff has suffered a loss of income and a loss of ability to work in the future. He will endure future pain and suffering and probable expense.

WHEREFORE, Plaintiff S.D. prays for damages against Defendant Bomber O'Brien's and other defendants, jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for his costs and for any other relief this Court deems just and proper.

### COUNT III- BATTERY AGAINST DEFENDANT JOSEPH SCHMITT

Comes now Plaintiff, by and through his undersigned attorneys and for Count III of his Petition against Defendant Joseph Schmitt, states as follows:

19. Plaintiff restates the allegations contained in paragraphs 1-16 as if stated forth fully herein.
20. Defendant Schmitt intentionally shot Plaintiff S.D.
21. As a direct and proximate result of the negligence of Defendant Schmitt, as described herein, Plaintiff was assaulted, battered, and shot on the Premises, and sustained serious life-threatening and quality of life altering injuries including but not limited to eight bullet wounds in his body, arms, and legs, a broken leg, broken wrist, and damage to the associated nerves, ligaments, muscles, and tendons thereof.  He has incurred reasonable medical expenses and will incur future medical expenses related to this injury.  Plaintiff has suffered non-economic damages as a result of his permanent condition and ongoing limitations, restrictions, swelling, soreness and pain and suffering.  Plaintiff's injuries are

severe, permanent, and progressive.  Plaintiff has suffered a loss of income and a loss of ability to work in the future. He will endure future pain and suffering and probable expense.

WHEREFORE, Plaintiff S.D. prays for damages against Defendant Joseph Schmitt, and other defendants, jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for his costs and for any other relief this Court deems just and proper.

### COUNT IV- NEGLIGENCE AGAINST DEFENDANT JOSEPH SCHMITT
**(In the alternative to Count III)**

Comes now Plaintiff, by and through his undersigned attorneys, and in the alternative to Count III, and for Count IV of his Petition against Defendant Joseph Schmitt, states as follows:

22. Plaintiff restates the allegations contained in paragraphs 1-19 as if stated forth fully herein.

23. Defendant negligently possessed and discharged a firearm, injuring Plaintiff S.D..

24. Plaintiff was caused to suffer serious and life-threatening injuries as a direct and proximate result of the Defendant negligently and carelessly possessing and discharging a firearm by reason of one or more of the following acts or omissions, to wit:

    a. Defendant knew or should have known that consuming alcohol while in possession of a firearm, creates an unreasonable risk of injury to persons such as the plaintiff;

    b. Defendant failed to keep his firearm holstered while intoxicated;

    c. Defendant kept his firearm on his person while drinking alcohol excessively at a drinking establishment;

    d. Defendant failed to remedy said dangerous condition; or

8

    e.    Defendant failed to exercise the degree of care that an ordinary careful person would use under the same or similar circumstances.

25. As a direct and proximate result of the negligence of Defendant Schmitt, as described herein, Plaintiff was assaulted, battered, and shot on the Premises, and sustained serious life-threatening and quality of life altering injuries including but not limited to eight bullet wounds in his body, arms, and legs, a broken leg, broken wrist, and damage to the associated nerves, ligaments, muscles, and tendons thereof.  He has incurred reasonable medical expenses and will incur future medical expenses related to this injury.  Plaintiff has suffered non-economic damages as a result of his permanent condition and ongoing limitations, restrictions, swelling, soreness and pain and suffering.  Plaintiff's injuries are severe, permanent, and progressive.  Plaintiff has suffered a loss of income and a loss of ability to work in the future. He will endure future pain and suffering and probable expense.

WHEREFORE, Plaintiff S.D. prays for damages against Defendant Joseph Schmitt, and other defendants, jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for his costs and for any other relief this Court deems just and proper.

### **COUNT V- BATTERY AGAINST DEFENDANT WILLIAM OLSTEN**

Comes now Plaintiff, by and through his undersigned attorneys and for Count V of his Petition against Defendant William Olsten, states as follows:

26. Plaintiff restates the allegations contained in paragraphs 1-23 as if stated forth fully herein.

27. Defendant Olsten intentionally grabbed and tackled Plaintiff S.D without permission of S.D.

28. As a direct and proximate result of the negligence of Defendant Olsten, as described herein, Plaintiff was assaulted, battered, and shot on the Premises, and sustained serious life-threatening and quality of life altering injuries including but not limited to eight bullet wounds in his body, arms, and legs, a broken leg, broken wrist, and damage to the associated nerves, ligaments, muscles, and tendons thereof.  He has incurred reasonable medical expenses and will incur future medical expenses related to this injury.  Plaintiff has suffered non-economic damages as a result of his permanent condition and ongoing limitations, restrictions, swelling, soreness and pain and suffering.  Plaintiff's injuries are severe, permanent, and progressive.  Plaintiff has suffered a loss of income and a loss of ability to work in the future. He will endure future pain and suffering and probable expense.

WHEREFORE, Plaintiff S.D. prays for damages against Defendant William Olsten, and other defendants, jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for his costs and for any other relief this Court deems just and proper.

### COUNT VI- ASSAULT AGAINST DEFENDANT WILLIAM OLSTEN

Comes now Plaintiff, by and through his undersigned attorneys, and for Count VI of his Petition against Defendant William Olsten, states as follows:

29. Plaintiff restates the allegations contained in paragraphs 1-26 as if stated forth fully herein.

30. Defendant Olsten, without permission of Plaintiff, opened Plaintiff's rear driver side car door and entered Plaintiff's vehicle with the intent to cause Plaintiff bodily harm or apprehension of bodily harm.

31. Defendant Olsten's conduct caused Plaintiff to be in apprehension of bodily harm.

32. As a direct and proximate result of the negligence of Defendant Olsten, as described herein, Plaintiff was assaulted, battered, and shot on the Premises, and sustained serious life-threatening and quality of life altering injuries including but not limited to eight bullet wounds in his body, arms, and legs, a broken leg, broken wrist, and damage to the associated nerves, ligaments, muscles, and tendons thereof.  He has incurred reasonable medical expenses and will incur future medical expenses related to this injury.  Plaintiff has suffered non-economic damages as a result of his permanent condition and ongoing limitations, restrictions, swelling, soreness and pain and suffering.  Plaintiff's injuries are severe, permanent, and progressive.  Plaintiff has suffered a loss of income and a loss of ability to work in the future. He will endure future pain and suffering and probable expense.

WHEREFORE, Plaintiff S.D. prays for damages against Defendant William Olsten, and other defendants, jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for his costs and for any other relief this Court deems just and proper.

### COUNT VII- NEGLIGENCE AGAINST DEFENDANT WILLIAM OLSTEN

Comes now Plaintiff, by and through his undersigned attorneys, and in the alternative to Counts V and VI, and for Count VII of his Petition against Defendant William Olsten, states as follows:

33. Plaintiff restates the allegations contained in paragraphs 1-30 as if stated forth fully herein.

34. Defendant Olsten, while intoxicated, negligently and without permission of Plaintiff, opened Plaintiff's rear driver side car door and entered Plaintiff's vehicle with the intent to cause Plaintiff bodily harm or apprehension of bodily harm.

35. Defendant Olsten, while intoxicated, negligently initiated physical contact with Plaintiff S.D., injuring Plaintiff.

36. Plaintiff was caused to suffer serious and life-threatening injuries as a direct and proximate result of Defendant Olsten negligently and carelessly initiating physical contact by reason of one or more of the following acts or omissions, to wit:

    a. Defendant knew or should have known that physical confrontation after consuming alcohol, creates an unreasonable risk of injury to persons such as the plaintiff;

    b. Defendant failed to remove himself from the drinking establishment after becoming intoxicated;

    c. Defendant failed to remedy said dangerous condition; or

    d. Defendant failed to exercise the degree of care that an ordinary careful person would use under the same or similar circumstances.

37. As a direct and proximate result of the negligence of Defendant Olsten, as described herein, Plaintiff was assaulted, battered, and shot on the Premises, and sustained serious life-threatening and quality of life altering injuries including but not limited to eight bullet wounds in his body, arms, and legs, a broken leg, broken wrist, and damage to the associated nerves, ligaments, muscles, and tendons thereof.  He has incurred reasonable medical expenses and will incur future medical expenses related to this injury.  Plaintiff has suffered non-economic damages as a result of his permanent condition and ongoing limitations, restrictions, swelling, soreness and pain and suffering.  Plaintiff's injuries are severe, permanent, and progressive.  Plaintiff has suffered a loss of income and a loss of

ability to work in the future. He will endure future pain and suffering and probable expense.

WHEREFORE, Plaintiff S.D. prays for Damages against William Olsten, and other defendants, jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for his costs and for any other relief this Court deems just and right.

### COUNT VIII – NEGLIGENCE AGAINST DEFENDANT CITY OF ST. LOUIS

Comes now Plaintiff, by and through his undersigned attorneys, and for Count VIII of his Petition against Defendant City of St. Louis, states as follows:

38. Plaintiff restates all allegations contained in the foregoing paragraphs as if stated forth fully herein.

39. Defendant City of St. Louis, acting through their agent, employee, or servant Schmidt, negligently possessed and discharged a firearm, injuring Plaintiff S.D.

40. That upon information and belief, Defendant City of St. Louis provided workers compensation benefits to Defendant Schmitt following above alleged acts on April 27, 2018, and therefore has accepted as a matter of law that Defendant Schmitt was working within the scope and course of his employment with Defendant City of St. Louis.

41. Plaintiff was caused to suffer serious and life-threatening injuries as a direct and proximate result of the Defendant City of St. Louis, acting through their agent, employee, or servant Schmidt negligently and carelessly possessing and discharging a firearm by reason of one or more of the following acts or omissions, to wit:

    a. Defendant knew or should have known that consuming alcohol while in possession of a firearm, creates an unreasonable risk of injury to persons such as the plaintiff;

13

    b. Defendant failed to keep his firearm holstered while intoxicated;

    c. Defendant initiated and performed policing tasks and functions while intoxicated;

    d. Defendant kept his firearm on his person while drinking alcohol excessively at a drinking establishment; or

    e. Defendant failed to remedy said dangerous condition;

42. As a direct and proximate result of the negligence of Defendant City of St. Louis, acting through their agent, employee, or servant Schmidt, as described herein, Plaintiff was assaulted, battered, and shot on the Premises, and sustained serious life-threatening and quality of life altering injuries including but not limited to eight bullet wounds in his body, arms, and legs, a broken leg, broken wrist, and damage to the associated nerves, ligaments, muscles, and tendons thereof.  He has incurred reasonable medical expenses and will incur future medical expenses related to this injury.  Plaintiff has suffered non-economic damages as a result of his permanent condition and ongoing limitations, restrictions, swelling, soreness and pain and suffering.  Plaintiff's injuries are severe, permanent, and progressive.  Plaintiff has suffered a loss of income and a loss of ability to work in the future. He will endure future pain and suffering and probable expense.

WHEREFORE, Plaintiff S.D. prays for damages against Defendant City of St. Louis, and other defendants, jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for his costs and for any other relief this Court deems just and proper.

## COUNT IX – NEGLIGENCE AGAINST DEFENDANT CITY OF ST. LOUIS

Comes now Plaintiff, by and through his undersigned attorneys, and for Count IX of his Petition against Defendant City of St. Louis, states as follows:

43. Plaintiff restates the allegations contained in the foregoing paragraphs as if stated forth fully herein.

44. Defendant City of St. Louis through its training of Defendant Schmidt had a duty of ordinary care to protect individuals such as plaintiff against unreasonable risk of harm.

45. That upon information and belief, Defendant City of St. Louis provided workers compensation benefits to Defendant Schmitt following above alleged acts on April 27, 2018, and therefore has accepted as a matter of law that Defendant Schmitt was working within the scope and course of his employment with Defendant City of St. Louis.

46. Plaintiff was caused to suffer serious and life-threatening injuries as a direct and proximate result of Defendant Schmidt negligently and carelessly initiating physical contact by reason or more of the following acts or omissions, to wit:

    a. Defendant failed to exercise the degree of care that an ordinary careful person would use under the same or similar circumstances;

    b. Defendant City of St. Louis negligently trained, entrusted, and/or supervised Defendant Schmidt; or

    c. Defendant City of St. Louis failed take reasonable actions to address a pattern of dangerous, reckless, careless, and/or unreasonable behavior by Defendant Schmidt.

47. As a direct and proximate result of the negligence of Defendant Schmidt, as described herein, Plaintiff was assaulted, battered, and shot on the Premises, and sustained serious life-threatening and quality of life altering injuries including but not limited to eight bullet wounds in his body, arms, and legs, a broken leg, broken wrist, and damage to the associated nerves, ligaments, muscles, and tendons thereof. He has incurred reasonable

medical expenses and will incur future medical expenses related to this injury. Plaintiff has suffered non-economic damages as a result of his permanent condition and ongoing limitations, restrictions, swelling, soreness and pain and suffering. Plaintiff's injuries are severe, permanent, and progressive. Plaintiff has suffered a loss of income and a loss of ability to work in the future. He will endure future pain and suffering and probable expense.

WHEREFORE, Plaintiff S.D. prays for Damages against the City of St. Louis and the other defendants, jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for his costs and for any other relief this Court deems just and right.

### COUNT X – NEGLIGENCE AGAINST DEFENDANT CITY OF ST. LOUIS

Comes now Plaintiff, by and through his undersigned attorneys, and for Count X of his Petition against Defendant City of St. Louis, states as follows:

48. Plaintiff restates the allegations contained in the foregoing paragraphs as if stated forth fully herein.

49. Defendant City of St. Louis, acting through their agent, employee, or servant Olsten, while intoxicated, negligently and without permission of Plaintiff, opened Plaintiff's rear driver side car door and entered Plaintiff's vehicle with the intent to cause Plaintiff bodily harm or apprehension of bodily harm.

50. That upon information and belief, Defendant City of St. Louis provided workers compensation benefits to Defendant Olsten following above alleged acts on April 27, 2018, and therefore has accepted as a matter of law that Defendant Olsten was working within the scope and course of his employment with Defendant City of St. Louis.

51. Defendant City of St. Louis, acting through their agent, employee, or servant Olsten, while intoxicated, negligently initiated physical contact with Plaintiff S.D., injuring Plaintiff.

52. Defendant City of St. Louis, acting through their agent, employee, or servant Olsten, while intoxicated, negligently initiated a policing investigation or task.

53. Plaintiff was caused to suffer serious and life-threatening injuries as a direct and proximate result of Defendant City of St. Louis, acting through their agent, employee, or servant Olsten negligently and carelessly initiating physical contact by reason of one or more of the following acts or omissions, to wit:

    a. Defendant knew or should have known that physical confrontation after consuming alcohol, creates an unreasonable risk of injury to persons such as the plaintiff;

    b. Defendant failed to remove himself from the drinking establishment after becoming intoxicated;

    c. Defendant failed to remedy said dangerous condition; or

    d. Defendant failed to exercise the degree of care that an ordinary careful person would use under the same or similar circumstances.

    e. Defendant City of St. Louis negligently trained, entrusted, and/or supervised Defendant Olsten.

    f. Defendant City of St. Louis negligently trained, entrusted, and/or supervised Defendant Olsten.

    g. Defendant City of St. Louis failed take reasonable actions to address a pattern of dangerous, reckless, careless, and/or unreasonable behavior by Defendant Olsten.

54. As a direct and proximate result of the negligence of Defendant City of St. Louis, acting through their agent, employee, or servant Olsten, as described herein, Plaintiff was assaulted, battered, and shot on the Premises, and sustained serious life-threatening and quality of life altering injuries including but not limited to eight bullet wounds in his body, arms, and legs, a broken leg, broken wrist, and damage to the associated nerves, ligaments, muscles, and tendons thereof.  He has incurred reasonable medical expenses and will incur future medical expenses related to this injury.  Plaintiff has suffered non-economic damages as a result of his permanent condition and ongoing limitations, restrictions, swelling, soreness and pain and suffering.  Plaintiff's injuries are severe, permanent, and progressive.  Plaintiff has suffered a loss of income and a loss of ability to work in the future. He will endure future pain and suffering and probable expense.

WHEREFORE, Plaintiff S.D. prays for Damages against Defendant City of St. Louis, and other defendants, jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for his costs and for any other relief this Court deems just and right.

### COUNT XI – NEGLIGENCE AGAINST DEFENDANT CITY OF ST. LOUIS

Comes now Plaintiff, by and through his undersigned attorneys, and for Count XI of his Petition against Defendant City of St. Louis, states as follows:

55. Plaintiff restates the allegations contained in the foregoing paragraphs as if stated forth fully herein.
56. Defendant City of St. Louis through its training of Defendant Schmidt had a duty of ordinary care to protect individuals such as plaintiff against unreasonable risk of harm.
57. That upon information and belief, Defendant City of St. Louis provided workers compensation benefits to Defendant Olsten following above alleged acts on April 27,

18

2018, and therefore has accepted as a matter of law that Defendant Olsten was working within the scope and course of his employment with Defendant City of St. Louis.

58. Plaintiff was caused to suffer serious and life-threatening injuries as a direct and proximate result of Defendant Schmidt negligently and carelessly initiating physical contact by reason or more of the following acts or omissions, to wit:

    a. Defendant failed to exercise the degree of care that an ordinary careful person would use under the same or similar circumstances;

    b. Defendant City of St. Louis negligently trained, entrusted, and/or supervised Defendant Schmidt; or

    c. Defendant City of St. Louis failed take reasonable actions to address a pattern of dangerous, reckless, careless, and/or unreasonable behavior by Defendant Schmidt.

59. As a direct and proximate result of the negligence of Defendant Schmidt, as described herein, Plaintiff was assaulted, battered, and shot on the Premises, and sustained serious life-threatening and quality of life altering injuries including but not limited to eight bullet wounds in his body, arms, and legs, a broken leg, broken wrist, and damage to the associated nerves, ligaments, muscles, and tendons thereof.  He has incurred reasonable medical expenses and will incur future medical expenses related to this injury.  Plaintiff has suffered non-economic damages as a result of his permanent condition and ongoing limitations, restrictions, swelling, soreness and pain and suffering.  Plaintiff's injuries are severe, permanent, and progressive.  Plaintiff has suffered a loss of income and a loss of ability to work in the future. He will endure future pain and suffering and probable expense.

WHEREFORE, Plaintiff S.D. prays for Damages against the City of St. Louis and the other defendants, jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for his costs and for any other relief this Court deems just and right.

Respectfully submitted,

**MANDEL, MANDEL, MARSH, SUDEKUM, & SANGER LLP**

BY:           Bryan J. Sanger
       Bryan J. Sanger, #60210
       Attorney for Plaintiff
       1010 Market Street, Suite 850
       St. Louis, MO 63101
       PH: 314-621-1701
       FX: 314-621-4800
       bryan@mandelmandel.com